UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DENNISE DERISE CORBRAY,<br><br>                   Plaintiff,<br>     v.<br><br>MARY ROBNETT, et al.,<br><br>                   Defendants. | Case No. 3:23-cv-05725-JCC-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for: February 2, 2024 |

This matter comes before the Court on defendants Mary Robnett and Bill Robnett's (defendants) motion to dismiss. Dkt. 16. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4. For the reasons set forth below, defendants motion should be granted and this case should be DISMISSED with prejudice.

## FACTUAL BACKGROUND

Plaintiff is unrepresented by counsel for this litigation and is currently incarcerated at Stafford Creek Corrections Center. *See* Dkt. 1. Plaintiff's complaint asserts two causes of action: (1) extreme and outrageous conduct and negligent and intelligent wrongdoing, and (2) denial of constitutional rights of due process, and equal protection under the law, the Sixth and Fourteenth Amendments. Dkt. 1, Complaint.

REPORT AND RECOMMENDATION - 1

Plaintiff's claim relates to the charging documents filed against him in a 2001 criminal prosecution. *Id*.

Specifically, plaintiff alleges (against Defendant Mary Robnett, in her official and personal capacities) that Defendant, who was then a Deputy Pierce County Prosecuting Attorney, Mary Robnett (currently the elected prosecutor), signed the probable cause certificate to support the Information (charging document); he alleges Ms. Robnett's declaration for determination of probable cause outlining the charges against him (filed on August 22, 2001) was deficient. *Id*. at 4-5. Plaintiff alleges Ms. Robnett violated his due process and equal protection rights by omitting four deputies assigned to the Pierce County Sheriff's Office, and that her failure to include them as necessary to her filings and actions, caused a constitutional deprivation. *Id*. at 6. Plaintiff alleges these deputies had contact with the complaining witnesses and declared under penalty of perjury to "things" that plaintiff believes were "half-truths and inaccuracies." *Id*.

## STANDARD OF REVIEW

The Court's review of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is limited to the complaint and documents incorporated into the complaint by reference. *Khoja v. Orexigen Therapeutics Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). A motion to dismiss may be granted only if plaintiff's complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

While the Court must accept all the allegations contained in the complaint as true, the Court does not accept as true a "legal conclusion couched as a factual allegation." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.; *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). While the Court is to construe the complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." *Pena*, 976 F.2d at 471.

## DISCUSSION

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of

NOTED FOR: FEBRUARY 2, 2024 - 3

state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). In this case, the Complaint is insufficient under Fed. R. Civ. P. 8, because plaintiff has made conclusory allegations and does not identify any specific information that the allegedly omitted deputy sheriffs would have provided, or how the omission of any such information caused a constitutional deprivation under a due process or equal protection legal theory. Any amendment would be futile, because the Complaint, on its face, is subject to dismissal with prejudice under *Heck v. Humphrey*, 512 U.S. 477 (1994) and the three-year statute of limitations.

### 1. Plaintiff's Requests for Judicial Notice

Plaintiff asks the Court to take judicial notice of documents omitted by Defendant Robnett "filing 17, pages 73-82." Dkt. 22. Because the complaint on its face is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994) and the statute of limitations, the Court need not review the issues concerning judicial notice.[1]

### 2. Heck Bar

Defendants argue that plaintiff's claim is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994) because proving that defendant Robnett filed inaccurate charging

---

[1] The Court finds it unnecessary to look beyond the pleadings in order to decide this motion; plaintiff's complaint does not rely on the presented documents. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Although the documents appear to be matters of public record, due to the potentially disputed nature of the documents, considering them would convert the Fed. R. Civ. P. 12(b)(6) motion before the Court into a motion for summary judgment pursuant to Fed. R. Civ. P. 56. *Id.*

NOTED FOR: FEBRUARY 2, 2024 - 4

documents or that she failed to disclose exculpatory evidence would "necessarily imply" or "demonstrate" the invalidity of the jury's conviction. A civil rights complaint seeking damages under § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck at* 487.

The § 1983 action "is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original). To obtain federal judicial review of a state conviction or sentence, a party must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and must first exhaust state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Here plaintiff's § 1983 action is based on Ms. Robnett's alleged conduct during plaintiff's state criminal case, specifically, the information that was included – or was not included -- in the charging documents; plaintiff characterizes the allegedly inaccurate declaration for determination of probable cause as "half truths and inconsistencies." *See* Dkt. 1. Plaintiff's claims relate to the validity of his criminal conviction. If the Court were to consider those claims, the legal review would necessarily involve the question of whether his conviction was legally valid. Plaintiff's claims, therefore, may be considered only in a habeas corpus proceeding; therefore, under *Heck v. Humphrey,* 512 U.S. 477 (1994) this case should be dismissed.

### 3. Statute of Limitations

#### a. 1983

Defendants additionally argue that plaintiff's claim was filed more than 18 years too late, and such should be dismissed. Dkt. 16 at 13.

Section 1983 contains no statute of limitations; the Court applies the applicable state statute of limitations for the jurisdiction in which the claim arose. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In Washington State, the "three-year limitations period 'for any other injury to the person or rights of another contained in R.C.W. 4.16.080(2)'" applies to § 1983 claims. *Id*.

Federal law determines when a § 1983 claim accrues. *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (quoting *Two Rivers*, 174 F.3d at 992). To determine when a claim accrues, the federal court thus focuses on the time-period in which the complained of acts occurred, not on the time period in which the consequences of the acts became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir. 1979).

In this case, the complained-of acts occurred in 2001 when plaintiff was charged for the crimes of Assault in the Second Degree and Rape in the First Degree. *See* Dkt. 1 at 10-11.

The Complaint under 42 U.S.C. Section 1983 was submitted to the Court for filing on August 11, 2023 – about 22 years after the events being challenged. This is outside the three-year statute of limitations, and is therefore, untimely on its face.

Plaintiff also is not entitled to equitable tolling. Equitable tolling applies to statutes of limitations "when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *CTS Corp. v. Waldburger*, 573 U.S. 1, 10 (2014) (quoting *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014)). Plaintiff argues in his response that the Court should not dismiss his claims for timeliness because he just learned of the existence of the four Pierce County officers on September 16, 2022. Dkt. 23 at 6. However, plaintiff alleges that he received this information through a public records request he filed in August of 2022. Dkt. 23 at 3-4. As such, has not alleged or shown he was so prevented from pursuing his civil rights claims diligently or provided any reason why he did not submit a public disclosure request within the three-year statute of limitations.

Accordingly, the Court should find plaintiff's claims are time-barred and should grant defendants' motion to dismiss.

### b. Plaintiff's State Law Claims

A district court has discretion over whether to exercise supplemental jurisdiction over state law claims arising from the same set of operative facts that supports a federal claim. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009) (citing 28 U.S.C. §§ 1367(a), (c)). Ordinarily, when a district court dismisses "all claims independently qualifying for the exercise of federal jurisdiction," it will dismiss all related state claims, as well. *Artis v. District of Columbia*, 138 U.S, 71 (2018) (citing 28 U.S.C. § 1367(c)) (2018); *see also Carlsbad Tech.*, 556 U.S. at 639-40; *see Acri v. Varian Assocs., Inc.,* 114 F.3d 999, 1001 n. 3 (9th Cir.1997) (suggesting that a district court may, but need not, decide sua sponte whether to continue exercising supplemental

jurisdiction under 28 U.S.C. § 1367(c)(3) once all federal law claims have been dismissed).

Although the court is not required to dismiss the supplemental state law claims, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, fairness, convenience, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). The Court may also decline to exercise supplemental jurisdiction if the state law claim substantially predominates over the claim or claims over which the district court has original jurisdiction (*see* 28 U.S.C. §1367(c)(2)) or, in exceptional circumstances, where there are other compelling reasons for declining jurisdiction (*see* 28 U.S.C. §1367(c)(4)).

Because the Court recommends that all the federal claims be dismissed with prejudice, the Court recommends that the remaining state law claims should be dismissed and supplemental jurisdiction not be exercised.

CONCLUSION

Based on the foregoing discussion, the Court should GRANT defendants' motion to dismiss (Dkt. 16) all claims against both defendants, and DISMISS this case with prejudice because it is barred under *Heck v. Humphrey* and it time-barred under the three-year statute of limitations.

The parties have fourteen (14) days from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b). Failure to file objections will result in a waiver of those objections for

1 | purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating this time
2 | limitation, this matter shall be set for consideration on February 2, 2024, as noted in the
3 | caption.

5 | Dated this 18th day of January, 2024.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

NOTED FOR: FEBRUARY 2, 2024 - 9